# Exhibit 1

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/31/2018 02:23:16 PM<br>Case #: **18-CI-003981**<br>john.sheller@skofirm.com<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **BARNES, DAVID VS. LANTECH.COM LLC,** *Defendant*

TO:  **GARY R WEITKAMP**
     **500 WEST JEFFERSON STREET, STE 2400**
     **LOUISVILLE, KY 40202**

Memo: Related party is LANTECH.COM LLC

The Commonwealth of Kentucky to Defendant:
**LANTECH.COM LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/10/2018**

Presiding Judge: HON. MITCH PERRY (630267)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: @00000873665
CIRCUIT: 18-CI-003981 Certified Mail
BARNES, DAVID VS. LANTECH.COM LLC



Page 1 of 1

eFiled

CI : 000001 of 000001

|  |  |
|---|---|
| CASE NO. _____ | JEFFERSON CIRCUIT COURT<br>DIVISION_____<br>JUDGE _____ |
| DAVID BARNES | PLAINTIFF |
| v. *Electronically filed* | |
| LANTECH.COM LLC | DEFENDANT |

**SERVE:**
Gary R. Weitkamp
500 W. Jefferson Street
Suite 2400
Louisville, KY 40202

## COMPLAINT

The Plaintiff, David Barnes, by counsel, for his Complaint against Defendant, Lantech.Com, LLC, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff David Barnes (**"*Plaintiff*" or "*Mr. Barnes*"**) is a resident of Jefferson County, Kentucky.

2. Defendant Lantech.com, LLC (**"*Defendant*" or "*Lantech*"**) is a Kentucky limited liability company with principal offices in Louisville, Jefferson County, Kentucky.

3. Mr. Barnes was employed by Lantech in Louisville, Jefferson County, Kentucky.

4. Decisions regarding Mr. Barnes' employment occurred in Louisville, Jefferson County, Kentucky.

5. At all pertinent times herein, Mr. Barnes was a "covered employee" under KRS 344 *et seq.* and 42 U.S.C. § 2000e *et seq.*

Filed  Case 3:18-cv-00507-CRS-LLK   Document 1-1   Filed 07/31/18   Page 4 of 10 PageID #: 8
      18-CI-003981   07/10/2018   David L. Nicholson, Jefferson Circuit Clerk

07/12/2018 02:11:27 PM
89715

6.     At all pertinent times herein, Mr. Barnes was an "eligible employee" pursuant to 29 U.S.C. § 2611(2)(A), in that at the time he requested leave he had worked for Defendant for more than 1250 hours in the twelve months preceding his request for leave and had worked for Defendant for more than 12 months.

7.     At all pertinent times herein, Mr. Barnes was a "qualified individual" with a disability as contemplated by KRS 344.030(1) and 42 U.S.C. § 12111(8) in that he could have performed her essential job functions if Defendant would have provided him with certain reasonable accommodations that he had requested.

8.     Mr. Barnes seeks damages in excess of the jurisdiction minimum of this Court.

## FACTS

9.     Mr. Barnes is over the age of 40.

10.     Mr. Barnes was hired by Defendant on or about May 27, 1992 and was last assigned work as a "configurator."

11.     At all times relevant to this lawsuit, Mr. Barnes met or exceeded Defendant's legitimate performance expectations.

12.     In or around August 2017, Mr. Barnes requested and received time off work to address adverse side effects, including drowsiness, from prescribed medication he was taking to manage his diabetes, a serious health condition.

13.     In or around September 2017, Mr. Barnes returned to work and thereafter satisfactorily performed his duties.

14.     On returning to work, Defendant subjected Mr. Barnes a to harassment, a hostile work environment, unfair treatment, and heightened scrutiny.

15. On or about March 16, 2018, Defendant terminated Mr. Barnes' employment, citing that he was "sleeping" on the job.

16. Mr. Barnes was treated differently than other of Defendant's employees and was subjected to additional scrutiny, discipline, and other retaliation based on his age, disability or perceived disability, and/or his requests for accommodation and requests to take medical leave of absence.

17. Defendant failed to take effective remedial action against its employees, managers, and supervisors relating to the disparate treatment of Mr. Barnes based on age, disability or perceived disability, and/or his requests for accommodation and requests to take medical leave of absence.

18. On or about March 16, 2017, Defendant terminated Mr. Barnes' employment, without a legitimate reason because of Mr. Barnes' age, disability or perceived disability, and/or his requests for accommodation and to take medical leave of absence.

19. Thereafter, Mr. Barnes filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 474-2018-00613, and received a "right to sue" letter.

20. As a proximate result of Defendant's unlawful conduct, as herein alleged, Mr. Barnes has suffered lost wages other benefits and privileges of employment, and other pecuniary loss, emotional pain and distress, turmoil, stress, anxiety, inconvenience, loss of enjoyment of life, embarrassment, humiliation, loss of reputation, and defamation of character.

21. As herein alleged, Defendant acted toward Plaintiff with oppression, fraud, and/or malice, warranting the imposition of punitive damages against the Defendant.

## COUNT I
### DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000E-2(A)

22. Defendant's discriminatory conduct on the basis of Plaintiff's age, including but not limited to its failure to restore him to his position, creation of a hostile work environment, harassment, and discharge of Plaintiff, constitutes violations of the anti-discrimination provisions of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq*.

23. Defendant's discriminatory actions against Plaintiff were taken in bad faith and with reckless indifference to Plaintiff's rights.

24. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling him to relief therefrom in the form of back pay, front pay, damages for his emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs.

25. Pursuant to 42 U.S.C. § 1981a(a)(2) & (b)(1), Plaintiff is entitled to recover from Defendant a sum for statutory damages in addition to compensation for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II
### DISCRIMINATION IN VIOLATION OF ADAAA 42 U.S.C. § 12112(A)

26. Defendant's discriminatory conduct on the basis of Plaintiff's disability or perceived disability, including but not limited to its failure to provide reasonable

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000004 of 000008

accommodations, disparate treatment, discrimination and termination of Plaintiff in connection with Plaintiff's disabilities, constitutes violations of the anti-discrimination provisions of the ADAAA.

27. Defendant engaged in the discriminatory practices alleged herein with malice or with reckless indifference to Plaintiff's federally protected rights, entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

28. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs.

## COUNT III
## DISCRIMINATION IN VIOLATION OF KRS 344

29. Defendant's discriminatory conduct on the basis of Plaintiff's age and/or disability or perceived disability, constitutes violations of the anti-discrimination provisions of Kentucky's Civil Rights Act, KRS 344 *et seq.*

30. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered actual damages including lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, attorney's fees and costs.

31. Under KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT IV
## FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615(A)(L)

46. Defendant interfered with Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615 *et seq.* (FMLA) by subjecting him to hostile and disparate treatment after he requested FMLA leave and then by terminating his employment on or about March 16, 2017.

47. Plaintiff requested and pursued a lawful claim with Defendant for leave he was entitled to under the FMLA due to his diabetes and other serious health conditions. Plaintiff gave sufficient oral and/or written notice to make Defendant aware that he needed FMLA-qualifying leave.

48. In response to Plaintiff's lawful claim under the FMLA, Defendant subjected Plaintiff to unwarranted treatment and discipline, hostile work environment, and harassment, in an attempt to interfere with the exercise of, and attempted exercise of, his rights under the FMLA.

49. Defendant's actions and or omissions in interfering with Plaintiff's FMLA rights were not taken in good faith.

50. As a direct and proximate result of Defendant's intentional and willful violation of the FMLA, Plaintiff has been deprived and continues to be deprived of past and future wages, and other terms, conditions, and privileges of employment at Defendant.

51. As a further result of Defendant's violation of the FMLA, Plaintiff has suffered and continues to suffer mental and emotional distress, which he would not have suffered absent Defendant's conduct.

52. Because of Defendant's violation of the FMLA, Plaintiff is permitted to pursue a civil action in this Court against Defendant, and is entitled to injunctive relief, recovery of actual

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000006 of 000008

Filed          18-CI-003981    07/10/2018         David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2018 02:11:27 PM
89715

damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, interest, liquidated damages, his costs in bringing and pursuing this action, including an award of reasonable attorney's fees, and equitable relief in the form of reinstatement.

53. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and liquidated damages.

## COUNT V
## RETALIATION IN VIOLATION OF 29 U.S.C. § 2615(A)(2)

54. Rather than making a good faith attempt to accommodate Plaintiff in his leave requests, Defendant subjected Plaintiff to discriminatory, retaliatory, interfering, and disparate treatment, culminating in the termination of his employment on or about March 16, 2017, in violation of the Family Medical Leave Act *("FMLA"),* 29 U.S.C. §2615(a)(2).

55. Defendant's actions and or omissions in discriminating and retaliating against Plaintiff were not taken in good faith.

56. Because of Defendant's violation of the FMLA, Plaintiff is permitted a civil action in this Court against Defendant and is entitled to injunctive relief, recovery of actual damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, interest, liquidated damages, his costs in bringing and pursuing this action, including an award of reasonable attorney's fees, and equitable relief in the form of reinstatement.

Presiding Judge: HON. MITCH PERRY (630267)
COM : 000007 of 000008

## PRAYER FOR RELIEF

**WHEREFORE**, David Barnes, by counsel, respectfully requests trial by jury and judgment against the Defendant, Lantech.Com, LLC, for:

a. Compensatory damages;

b. Liquidated damages;

c. Reinstatement;

d. Punitive damages;

e. Reasonable attorney's fees;

f. Costs; and,

g. Any and all other relief to which the Plaintiff appears entitled.

Respectfully submitted,

TAYLOR COUCH PLLC

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
NINA COUCH
130 Saint Matthews Avenue, Suite 301
Louisville, Kentucky 40207
(502) 625-5000
ztaylor@taylorcouchlaw.com

*Counsel for Plaintiff*