UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**David Barnes**                                                                        **Plaintiff**

v.                                                                           No. 3:18-cv-507-BJB-LLK

**Lantech.com, LLC**                                                                **Defendant**

### MEMORANDUM OPINION & ORDER

David Barnes sued his former employer, Lantech.com, LLC for employment discrimination in violation of state and federal law. *See* Complaint (DN 1-1). Lantech prevailed at summary judgment and filed a bill of costs (DN 38), *see* Fed. R. Civ. P. 54(d)(1), within 30 days, *see* Local Rule 54.3.

Lantech seeks:

  (1) $400 in removal fees,
  (2) $578.55 for a certified transcript of the Barnes deposition,
  (3) $10.56 for copies of exhibits for the Barnes deposition,
  (4) $75.20 for shipping/handling of the transcript and exhibits,
  (5) $62.68 for the shipping/handling of the video transcript, and
  (6) $507.50 for a video transcript of the Barnes deposition.

Bill of Costs (DN 38) at 1. Receipts confirm these amounts. *See id.* at Exhibits 1–3. Barnes objected only to the two shipping/handling costs and the video transcript. Objections (DN 40) at 1.

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs, other than attorney fees. The Sixth Circuit has interpreted this language to "creat[e] a presumption in favor of awarding costs," while still "allow[ing] denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Taxable costs are, however, limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming*, No. 1:09-cv-81, 2010 WL 3069106, at *1 (W.D. Ky. Aug. 4, 2010). But the court must determine that "the expenses are allowable and that the amounts are reasonable and necessary" before awarding costs.

1

*Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015) (quotation omitted).

Under this standard, Lantech may recover the costs of removal fees, the Barnes deposition transcript, and copies of deposition exhibits. But it may not recover costs for shipping and handling or for the deposition video.

    **1. Removal Fee.** Filing fees are recoverable as "[f]ees of the clerk." 28 U.S.C. § 1920(1). This category includes removal fees. *See Pawley v. Bel Brands USA*, No. 4:18-cv-129, 2020 WL 406945, at *2 (W.D. Ky. Jan. 24, 2020) (allowing recovery for $400 removal fee). This cost is recoverable and reasonable.

    **2. Certified Transcript.** The cost of the certified transcript is recoverable as among the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). And courts require less than the utmost necessity. *Cf. McCulloch v. Maryland*, 17 U.S. 316, 413–14 (1819). Instead, depositions "taken within the proper bounds of discovery" are routinely found to be "necessarily obtained for use in the case." *Allen v. Highlands Hospital Corp.*, No. 4-269, 2009 WL 10711811, at *2 (E.D. Ky. Mar. 24, 2009). Lantech incurred this cost to depose Barnes, the plaintiff, in the usual course of discovery and used this transcript to support, and ultimately prevail on, its summary-judgment motion. *See* Motion for Summary Judgment (DN 24), Exhibit A.

    **3. Exhibit Copies.** Section 1920(4) allows recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Lantech used these exhibits during Barnes's deposition. Bill of Costs (DN 38) at 1. District courts within the Sixth Circuit have recognized that "deposition exhibits are routinely necessary to support summary judgment motions and at times prove useful at trial" and have accordingly allowed such costs. *Pogue v. Nw. Mutual Life Ins. Co.*, No. 3:14-cv-598, 2019 WL 2814643, at *2 (W.D. Ky. July 2, 2019); *Ashland Hospital Corp. v. RLI Ins.*, No. 13-143, 2015 WL 5063184, *6 (E.D. Ky. Aug. 26, 2015). Though these copies were used during a deposition, the deposition itself was used in summary-judgment briefing, and therefore the same reasoning applies to allow recovery.

    **4. Shipping and Handling of Transcript/Exhibits.** Lantech seeks a total of $75.20 for shipping and handling of the deposition transcripts and exhibits. Bill of Costs (DN 38) at 1. Section 1920 doesn't include shipping and handling costs, and district courts in this circuit have repeatedly declined to tax them. *See Thalji v. TECO Barge Line*, No. 5:05-cv-226, 2007 WL 2827527, at *2 (W.D. Ky. Sept. 28, 2007) (postage is typically an "administrative expense" and not taxable); *Porter v. Caruso*, No. 1:05-cv-562, 2009 WL 1212808, at *2 (W.D. Mich. Apr. 30, 2009) ("shipping and

handling costs are not recoverable"); *Aubin Indus., Inc. v. Smith*, No. 1:04-cv-681, 2009 WL 1674845, at *6 (S.D. Ohio June 15, 2009); *IMRA America, Inc. v. IPG Photonics Corp.*, No. 06-15139, 2012 WL 6553523, at *2 (E.D. Mich. Dec. 14, 2012). Because only costs enumerated in the statute are recoverable, *see In re Cardizem CD Antitrust Litigation*, 481 F.3d at 359, Barnes is correct that Lantech may not recover for shipping and handling.

**5. Shipping and Handling of Video Transcript.** For the same reasons, Lantech cannot recover the shipping and handling costs for the video transcript

**6. Video Transcript.** Lantech seeks $507.50 for the video of the Barnes deposition. Bill of Costs (DN 38) at 1. Barnes contends that Lantech can recover the cost of the printed transcript or the video transcript—but not both. Objections (DN 40) at 1. As discussed above, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," as a general matter, are recoverable. § 1920(2). Though the statute uses the disjunctive "or," district courts in this circuit allow prevailing parties to recover for both. *Hyland v. HomeServices of America, Inc.*, No. 3:05-cv-612, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013). Courts have justified this by noting that a videotape and a written transcript serve quite different purposes. *See, e.g., Ashland Hospital*, 2015 WL 5063184, at *3 (paper copies are "valuable … in motion practice" and a videotape would allow testimony from an absent witness "if the need arose"). But Lantech has filed no response to Barnes's objection. And because Lantech prevailed at the summary-judgment stage, nothing in the record indicates how—or if—the video deposition was or would have been needed. It is impossible to conclude that the amount was "necessary" when Lantech has declined to explain the need for the videotape when it obtained a certified transcript. *See, e.g., Pogue*, 2019 WL 2814643, at *3–4 (declining to tax contested costs when the prevailing party did not file a response).

### ORDER

The Court grants Lantech's Bill of Costs for (1) removal fees ($400), (2) the certified transcript of the Barnes deposition ($578.55), and (3) the copies of exhibits for the deposition ($10.56). The Court denies costs for (4) shipping/handling of the certified transcript and exhibits ($75.20), (5) shipping/handling of the video transcript ($62.68), and (6) the video transcript of the Barnes deposition ($507.50). The Clerk shall tax $989.11 as costs against David Barnes.

Benjamin Beaton, District Judge
United States District Court

November 22, 2021